**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 625-3893
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SALVADOR A. LIBUTAN, an Individual, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| MGM GRAND HOTEL LLC, a Domestic Limited-Liability Company. | |
| Defendants. | |

The Plaintiff Salvador A. Libutan ("**Mr. Libutan**" or "**Plaintiff**") by and through his attorneys, Jenny L. Foley, Ph.D., Esq. and Marta D. Kurshumova, Esq. of HKM Employment Attorneys LLP, hereby complains and alleges as follows:

**JURISDICTION**

1. This is an action for damages brought by Plaintiff for unlawful workplace discrimination based on age under Title VII of the Civil Rights Act of 1964 ("**Title VII**"), 42 U.S.C. §2000e *et seq.*; the Age Discrimination in Employment Act ("**ADEA**"), 29 U.S.C. § 621 to 29 U.S.C. § 634; declaratory and injunctive relief and monetary damages to redress the

deprivation of rights secured to the Plaintiff by the Civil Rights Act of 1871, 42 U.S.C. § 1981; for violation of Nevada Revised Statute §613.330 *et seq.*; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

3. All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

4. On or about November 12, 2019, Plaintiff initiated the process of filing a Charge of Discrimination against his employer, the Defendant named in this action with the United States Equal Employment Opportunity Commission ("**EEOC**") wherein he alleged discrimination based on race, national origin, age, and retaliation.

5. On or about November 14, 2019, Plaintiff received his Notice of Right to Sue from the EEOC.

6. This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7. Plaintiff has exhausted his administrative remedy on all claims pled hereunder prior to filing this action with this Court.

**GENERAL ALLEGATIONS**

8. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

9. Plaintiff is a United States citizen and current resident of Clark County, Nevada.

10. Defendant MGM Grand Hotel, LLC (hereinafter "**MGM Grand**" or "**Defendant**") is a domestic limited liability company and an employer in the State of Nevada.

11. At all times relevant to this matter, Defendant had over 25 employees, and is therefore subject to the provisions of Title VII.

12. Plaintiff is a Filipino male.

13. Plaintiff was above the age of forty (40) during all relevant times.

14. Plaintiff first began his employment with Defendant in or about in October, 2014 as a Facilities Engineer.

15. Plaintiff is qualified for the position and has performed his duties satisfactorily.
   a. Plaintiff has had no discipline issues during his employment with Defendant.
   b. Plaintiff has been recognized for his superior service on several occasions.
   c. Plaintiff has a Bachelor of Science in Mechanical Engineering from University of Nueva Caseres, and a Master's Degree in Business Administration (MBA) from Polytechnic University of the Philippines.
   d. Plaintiff previously worked as the Lead Engineer at the Cannery Casino from 2003-2014.
   e. Plaintiff has a tremendous amount of casino facilities experience and an extensive background in Mechanical Engineering.

16. Unfortunately, Plaintiff has experienced an ongoing pattern of racial/ethnic origin discrimination, age discrimination, and retaliation for complaining about the same.

17. More specifically, Plaintiff had applied for the position of Lead Technician within facilities management previously but did not receive the promotion.

18. On or about June 26, 2019, Plaintiff applied once again for a Lead Technician role within facilities management.

19. The hiring manager was Glenn Davila ("**Mr. Davila**"), Plaintiff's immediate supervisor at the time.

20. Mr. Davila told Plaintiff that Plaintiff was the best qualified employee for the

position.

21. Soon thereafter, Mr. Davila told Plaintiff that his decision was "overridden" by "the higher ups."

22. Instead, Defendant hired Aaron Bowling ("**Mr. Bowling**"), a Caucasian male.

23. Upon information and belief, Mr. Bowling was in his mid-30's at the time.

24. Upon information and belief, Plaintiff was more qualified for the position than Mr. Bowling.

25. In or about September 2019, Plaintiff complained to Human Resources about Defendant's pattern of refusing to promote him to no avail.

26. Plaintiff applied for several positions over the past several years, for which he was qualified:

    a. On or about August 30, 2018, Plaintiff applied for a Director of Facilities position at the Bellagio but was not selected;

    b. On or about August 2017, Plaintiff applied for a Manager position but lost to a younger Caucasian male, Mr. Davila;

    c. On or about October 6, 2016, Plaintiff applied for a Lead position. Plaintiff was told he was the best qualified, but the position was instead offered to a younger Caucasian/Hispanic male, Jimmy Jude, an outside hire. Upon information and belief, Mr. Jude's national origin is American;

    d. On or about April 15, 2016 Plaintiff applied for a Manager position but the position was instead offered to a younger African-American male, Ivan Criddle. Upon information and belief, Mr. Criddle's national origin is American;

    e. On or about April 5, 2016, Plaintiff applied for a Lead position, but the position was instead offered to a younger Caucasian male, Bryan Dunlop. Upon information and belief, Mr. Dunlop's national origin is American;

    f. On or about February 1, 2016 Plaintiff applied for a Manager position but was told by Mike Liberty that "I have a better plan for you."

27. Plaintiff has experienced an ongoing pattern of discrimination based on his age, his race (Asian)/Ethnic Origin (Filipino). Plaintiff has been asked more than once by Scott Baker, Hiring Manager, if he's "going to retire soon."

28. Upon information and belief, Plaintiff has been the subject of other discussions between various members of management centering on their belief that he plans to retire soon.

29. Plaintiff has no plans to retire soon.

30. Furthermore, had Plaintiff obtained the lead position he applied for, Plaintiff planned to work for quite some time, as he genuinely enjoys his work.

31. Plaintiff complained about this pattern of discrimination to Human Resources on or about October 9, 2019.

32. Thereafter, Plaintiff began to experience retaliation by Management.

33. Plaintiff has been assigned extra duties by "Ed," the Swing Shift Manager.

34. Plaintiff was confronted by Mr. Davila wherein they demanded that Plaintiff justify his decision to complain to Human Resources.

35. Upon information and belief, Scott Baker has told other employees that he does not appreciate Plaintiff complaining about the discrimination.

36. All these actions constitute illegal retaliation under Title VII.

37. Upon information and belief, Defendant acted toward Plaintiff with an intent to discriminate against him based on his age, race, and national origin.

38. Upon information and belief, Defendant unlawfully retaliated against Plaintiff for submitting a complaint of discrimination with Human Resources and upper management.

**FIRST CAUSE OF ACTION**
**(Discrimination Based on Race, Age and National Origin in violation of State and Federal Statutes)**

39. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

40. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on age, race, national origin or a combination thereof.

41. At all relevant times, Plaintiff was a Filipino male above forty (40) years old.

42. Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq., Age Discrimination in Employment Act, 29 USC §621, Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff a fair non-discriminatory hiring process and employment opportunities.

43. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff by knowingly hiring Caucasian male individuals under forty (40) years of age with lesser qualifications than Plaintiff.

44. Defendant discriminated against Plaintiff when it failed to promote Plaintiff because of his race, age, and national origin.

45. No other similarly situated persons, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

46. Plaintiff suffered adverse economic impact due to Defendant's failure to promote him.

47. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against him.

48. Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by his employer.

49. Plaintiff is entitled to be fully compensated for his emotional disturbance by being forced to endure this discrimination.

50. Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for Defendant's intentional repeated violations of federal and state civil rights laws.

51. Pursuant to the ADEA, Plaintiff is entitled to recover liquidated damages for Defendant's intentional repeated violations of the law.

52. Plaintiff suffered damages in an amount deemed sufficient by the jury.

53. Plaintiff is entitled to an award of reasonable attorney's fees.

54. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of his age, race, and national origin.

55. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

**SECOND CAUSE OF ACTION**
**(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and State Law, NRS 613.340)**

56. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

57. In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after he complained of acts which he reasonably believed were discriminatory.

58. In violation of NRS 613.340 Defendant retaliated against Plaintiff after he complained of acts, which she reasonably believed were discriminatory.

59. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff.

60. The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

61. Plaintiff suffered damages in an amount deemed sufficient by the jury.

62. Plaintiff is entitled to an award of reasonable attorney's fees.

63. Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally retaliated against Plaintiff because he complained of acts he considered retaliatory.

64. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

/ / /

## THIRD CAUSE OF ACTION
**(Discrimination under the Age Discrimination in Employment Act; 29 U.S.C. § 621 to 29 U.S.C. § 634)**

65. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

66. The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of his age was in violation of the ADEA, 29 U.S.C. § 621 to 634.

67. Defendant's violation of the ADEA was willful and Plaintiff seeks liquidated damages for each violation.

68. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of his civil rights as alleged herein.  Plaintiff is reasonably certain to continue to suffer these damages in the future.

69. Plaintiff is entitled to the rights and remedies at law provided by the ADEA including actual damages, compensatory damages, liquidated damages, and attorneys' fees.

## FOURTH CAUSE OF ACTION
**(Retaliation under the Age Discrimination in Employment Act; 29 U.S.C. § 623(d)(1994))**

70. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

71. The subjection of Plaintiff to retaliation for complaining about disparate treatment and adverse employment actions by Defendant based on his age was in violation of the ADEA, 29 U.S.C. § 623(d) (1994).

72. Defendant's violation of the ADEA was willful and Plaintiff seeks liquidated damages for each violation.

73. Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment opportunities, and loss of wages and benefits, as the direct and proximate result of

Defendant's violation of his civil rights as alleged herein.  Plaintiff is reasonably certain to continue to suffer these damages in the future.

74. Plaintiff is entitled to the rights and remedies at law provided by the ADEA including actual damages, compensatory damages, liquidated damages, and attorneys' fees.

### FIFTH CAUSE OF ACTION
### (Violation of the Civil Rights Act of 1871, §1981)

75. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

76. Plaintiff is Asian/Filipino and therefore a member of a protected class.

77. Defendant engaged in the above-mentioned harassment and discrimination of Plaintiff with the purposeful intent to discriminate against Plaintiff because of his race (Asian/Filipino).

78. Under similar circumstances, other, White or non-Asian/Filipino employees were not subjected to a racially hostile working environment.

79. Plaintiff was subject to disparate treatment and retaliation with purposeful intent to discriminate against Plaintiff because of his race.

80. Plaintiff suffered damages in an amount deemed sufficient by the jury.

81. Plaintiff is entitled to an award of reasonable attorney's fees in this matter.

82. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly violated Plaintiff's rights under Section 1981 of the Civil Rights Act of 1871.

83. Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

**WHEREFORE,** Plaintiff prays this court for:

    a. A jury trial on all appropriate claims;

moreover, to enter judgment in favor of the Plaintiff by:

    b. Awarding Plaintiff an amount sufficient to fully compensate him (including tax

consequences) for all economic losses of any kind, and otherwise make him whole in accordance with Title VII, the Civil Rights Act of 1871, §1981 and the ADEA;

  c. General damages;

  d. Special damages;

  e. An award of compensatory and punitive damages to be determined at trial;

  f. Liquidated damages in accordance with the ADEA;

  g. Pre- and post-judgment interest;

  h. An award of attorney's fees and costs; and

  i. Any other relief the court deems just and proper.

Dated this 12th Day of February, 2020.

**HKM EMPLOYMENT ATTORNEYS, LLP**

*/s/ Jenny L. Foley*
**JENNY L. FOLEY, Ph.D., Esq.**
Nevada Bar No. 9017
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 577-3029
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorney for Plaintiff*